**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2216
_____

JOSE DITER SANCHEZ TORRES,
                                                Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. A079-038-526)
Immigration Judge:  Richard Bailey
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 21, 2025
_____

Before:  CHAGARES, Chief Judge, BIBAS and FISHER, Circuit Judges

(Filed: February 24, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, <u>Chief Judge</u>.

Jose Diter Sanchez Torres petitions for review of the decision by the Board of Immigration Appeals ("BIA") denying his due process claim and upholding the Immigration Judge's ("IJ") denial of withholding of removal and protection under the Convention Against Torture ("CAT"). For the reasons that follow, we will dismiss the petition for review in part for failure to exhaust administrative remedies and deny it in remaining part.

## I.[1]

Sanchez Torres is a native and citizen of El Salvador who has been in the United States since 2001 and was issued a Notice to Appear in 2023. Before the IJ, he conceded removability and sought asylum, withholding of removal, CAT protection, and cancellation of removal. The IJ denied relief and Torres timely appealed to the BIA.

Before the BIA, Sanchez Torres argued that the IJ violated his right to due process by expressing an intent to deny his asylum and withholding of removal applications before the close of testimony. The BIA concluded that the record did not support Torres's due process claim because the IJ made clear that his findings were not final and he permitted counsel to provide additional argument addressing the issues, and because Sanchez Torres failed to establish prejudice. Sanchez Torres also contested the IJ's denial of asylum and withholding of removal. The BIA upheld both decisions. The BIA determined that Torres's asylum application was untimely by more than twenty years and

---

[1] We write for the parties and therefore recite only those facts pertinent to our decision.

2

Sanchez Torres did not establish an exception to the filing deadline. The BIA upheld the denial of withholding of removal because Sanchez Torres did not challenge several of the IJ's dispositive conclusions, including that he did not show past harm rising to the level of persecution, a nexus between any harm he experienced and his membership in a particular social group ("PSG"), or a clear probability of future persecution. Finally, the BIA observed that Sanchez Torres waived any challenge to the IJ's denial of CAT protection by failing to contest the IJ's denial of that form of relief, and it affirmed the denial of cancellation of removal on the grounds that Sanchez Torres did not establish that his removal would cause an exceptional and extremely unusual hardship to his adult United States citizen daughter. This timely petition for review followed. [2]

## II.

We have jurisdiction to review the BIA's final order of removal. See 8 U.S.C. § 1252(a)(1). Sanchez Torres claims that the BIA improperly denied his due process claim and erred in upholding the IJ's denial of withholding of removal and CAT protection. We consider each claim in turn.

## A.

In the immigration context, due process entitles a petitioner to a full and fair hearing and a reasonable opportunity to present evidence. Romanishyn v. Att'y Gen., 455 F.3d 175, 185 (3d Cir. 2006). To prevail, the petitioner must demonstrate that he

---

[2] Sanchez Torres has not presented any arguments in his petition for review concerning the denial of asylum or cancellation of removal. Because those aspects of the BIA's decision are not before us, we will not discuss them in this opinion.

3

suffered substantial prejudice as a result of the due process violation. Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005). We review the BIA's denial of a due process claim de novo. Fadiga v. Att'y Gen., 488 F.3d 142, 153–54 (3d Cir. 2007).

Sanchez Torres claims that he was denied due process because the IJ commented on the merits before the proceeding concluded.[3] Specifically, after Sanchez Torres completed his witness presentations in support of his applications for asylum, withholding of removal, and CAT protection, but before he began presenting his cancellation of removal claim, the IJ informed counsel for both sides of "where the court's at in terms of the various elements." App. 189. The IJ then explained why he was "likely" to deny asylum, withholding of removal, and CAT protection based on the evidence that Sanchez Torres had presented. Id.

Sanchez Torres received due process before the IJ. Contrary to his argument, the IJ's comments reflecting a tentative ruling on his asylum and withholding of removal

---

[3] Sanchez Torres also claims that: (1) the proceeding before the IJ was "disjointed" due to initial confusion about the proper Immigration Court in which to hold the hearings; (2) Sanchez Torres was detained in Pennsylvania although he had previously been living in Maryland; and (3) the detention facility in which he was housed "is known to be a place where detainees are at risk of harm." Sanchez Torres Br. 11–12. Although he could have done so, Sanchez Torres did not present these claims to the BIA; he thus failed to administratively exhaust them. See Bonhometre, 414 F.3d at 448 (concluding that a failure to present a due process claims that could have been argued before the BIA prohibits our review). Even if we could excuse his failure to present these claims to the BIA in the first instance, we are unpersuaded that the circumstances of which Sanchez Torres complains impinged on his right to due process. Sanchez Torres offers no persuasive argument as to why venue concerns or conditions at the detention facility interfered with his ability to present his case or obtain a full and fair hearing. Notably, Sanchez Torres was represented by counsel throughout the proceeding, and it was Sanchez Torres's counsel who chose venue in New Jersey.

4

claims do not reasonably demonstrate bias or prejudgment, particularly given that Sanchez Torres had completed his presentation of evidence on those claims. Additionally, Sanchez Torres did not suffer substantial prejudice as a result of the comments because he cannot demonstrate that he was eligible for any form of relief. See Bonhometre, 414 F.3d at 448 (observing that a due process claim cannot succeed if the petitioner cannot demonstrate eligibility for relief). The BIA therefore properly denied his due process claim.

B.

Sanchez Torres next claims that the BIA erred in upholding the IJ's denial of withholding of removal and CAT protection. He argues that "[t]o demand that a person requesting refugee status in the United States or protection under Article 3 of the Convention Against Torture provide evidence that he has personally been targeted by the criminal gangs and/or the government of El Salvador violates the immigration laws of the United States, as well as international law." Torres Br. 18.

We have doubts about the merit of Sanchez Torres's view that he was not required to show that he was personally targeted for torture or persecution. See Hernandez Garmendia v. Att'y Gen., 28 F.4th 476, 484 (3d Cir. 2022) ("The specter of torture must be supported by specific evidence that the individual applicant is more likely than not to be singled out."); Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 346 (3d Cir. 2008) ("'[A] petitioner must show he or she would be individually singled out for persecution or demonstrate that there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant on account of' a

5

protected ground." (quoting <u>Sukwantputra v. Gonzales</u>, 434 F.3d 627, 637 (3d Cir. 2006)).  We cannot resolve our doubts, however, because Sanchez Torres did not administratively exhaust these claims before the BIA.[4]  We therefore do not reach their merits.  <u>See</u> <u>Bonhometre</u>, 414 F.3d at 447 ("As a general rule, an alien must exhaust all administrative remedies available to him as of right before the BIA as a prerequisite to raising a claim before us." (citing 8 U.S.C. § 1252(d)(1)) (emphasis omitted).

### III.

For the foregoing reasons, we will dismiss the petition for review in part for failure to exhaust administrative remedies, and we will deny it in remaining part.

---

[4] Sanchez Torres did not appeal the IJ's denial of the CAT claim to the BIA.  Although Sanchez Torres did appeal the IJ's denial of withholding of removal, he did not claim to the BIA that the IJ erred by requiring him to establish that he would be personally targeted for persecution.  To satisfy the exhaustion requirement, his arguments concerning both of these claims should have been presented to the BIA in the first instance.